No. 16,987.

KELTY *v.* SWINNEY.
(253 P. [2d] 965)

Decided February 16, 1953.

Mr. JACKSON M. SEAWELL, for plaintiff in error.

Messrs. PERSHING, BOSWORTH, DICK & DAWSON, Mr. WINSTON S. HOWARD, Mr. ROY E. MONTGOMERY, for defendant in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the court.

THIS is an action brought by the mother and sole heir-at-law of one Charles A. Kelty, deceased. It is alleged in the complaint that said Kelty came to his death as a result of the negligence of defendant Swinney, and her prayer is for $10,000.00 damages for the alleged wrongful death.

The trial court granted a motion for dismissal which was interposed by counsel for defendant at the conclusion of plaintiff's evidence. The sole question involved on this review is whether there was sufficient evidence presented by plaintiff to warrant submission of the case to the jury for determination.

At the time of the accident which caused the death of which complaint is made, Swinney was the driver of a truck which was loaded with grain. Several persons were engaged in the operation of unloading trucks and placing the grain in a granary. In this process truck drivers would back the loaded trucks to the solid granite wall of the granary and an auger would be lowered into the grain from a window in the upper portion of the building. An "A-frame," which supported the auger, would be removed at the rear of the truck in order that it might operate, and when a truck was unloaded the "A-frame" would be replaced.

Immediately before the fatal accident, the brother of

deceased had backed his truck to the granary wall and unloaded it in the presence of Swinney. Swinney had not at any time before participated in this operation. It was necessary to back the truck up a sharp incline to the granary wall, and the brother of deceased, in assisting Swinney to back up his truck, walked alongside the driver's seat and directed him by hand motions and oral instructions to place the truck in proper position. On the first attempt at backing up, Swinney's truck was out of line and he permitted it to roll down, and then made a better alignment for a second approach. On the second approach his motor stalled and he again permitted the truck to roll down. On the third approach, he backed the truck up toward the granary wall, and could not see deceased who had placed himself directly behind the truck for the purpose of handling the "A-frame." Defendant was depending upon deceased's brother for instructions for stopping the truck and said brother called to Swinney to stop when he was a few feet from the wall of the granary, but the truck continued backwards a distance sufficient to trap deceased between the back of the truck and the wall, crushing his skull and killing him instantly.

The trial court in its findings held that plaintiff had established no negligence on the part of defendant, and that even had such negligence been shown there was proven as a matter of law contributory negligence on the part of deceased, and the action was dismissed on motion of defendant's counsel.

We have read and carefully considered the entire record and hold that the trial court was right in reaching the conclusions set forth in its findings; accordingly, the judgment is affirmed.